JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEANNINE L. SOMBERG o/b/o DYLAN S. SOMBERG

**DEFENDANTS**
UTICA COMMUNICTY SCHOOLS

**(b)** County of Residence of First Listed Plaintiff    MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD J. ALEF
410 W UNIVERSITY DR. SUITE C
ROCBHESTER, MI 48307      TEL: 248.609.0544

Attorneys *(If Known)*
RICHARD E. KROOPNICK OF LUSK & ALBERTSON PLLC
40950 WOODWARD AVE. STE. 350
BLOOMFIELD HILLS, MI 48034

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 USC SEC 1415. SEE ALSO 34 CFR SEC. 300.517
Brief description of cause:
INDIVIDUALS WITH DISABILITIES ACT: Appeal from Admin Law Judge Dec/Attorney Fees

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   75,115.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE ROBERT H CLELAND    DOCKET NUMBER 2:13-cv-1330-RHC-MJH

DATE   4-22-2013      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# United States District Court
# Eastern District of Michigan



*Summons in a Civil Action and Return of Service Form*

Plaintiff(s) Name

| | |
|---|---|
| JEANNINE SOMBERG and JEANNINE SOMBERG on Behalf of Dylan Somberg under IDEA and POA, and Dylan Somberg | |

Case Number and Judge Assignment (to be supplied by the Court)

Defendant(s) Name

UTICA COMMUNITY SCHOOLS

VS.

Plaintiffs attorney, address and telephone:

Richard J. Alef (P43504)
Attorney for Plaintiffs
410 W University Dr. #C
Rochester, MI 48307
(248) 609-0544

Name and address of defendant being served:

Richard E. Kroopnick
LUSK & ALABERTSON PPLC
40950 Woodward Ave. Ste. 350
Bloomfield Hills, MI 48034
(248)-258-285120

*To the defendant*

This summons is notification that YOU ARE BEING SUED by the above named plaintiff(s).

1.  You are required to serve upon the plaintiff's attorney, name and address above, an answer to the complaint within ____20____ days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure.

2.  You must file the original and one copy of your answer within the time limits specified above with the Clerk of Court.

3.  Failure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint.

**David J. Weaver**
**Clerk of the Court**

By: _____

        Deputy Clerk                   _____ Date of issuance

INT-0131-MIE-REV. 12/93 06/99

# RETURN OF SERVICE

A copy of the summons and complaint has been served upon the defendant in the manner indicated below:

Name of Defendant served: _____

Date of service: _____

## Method of Service

☐   Personally served at this address: _____

_____

☐   Left copies at the defendant's usual
place of abode with (name of person): _____

At this address: _____

_____

☐   Other (please specify): _____

_____

Service fees:   Travel  $ _____   Service  $ _____   Total  $ _____

*I declare under the penalty of perjury that the information contained in this Return of Service is true.*

_____      _____
Date                                              Signature of server

                                                 _____
                                                 Server's printed name

                                                 _____
                                                 Server's address

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

Jeannine L.  Somberg, and
  Jeannine L. Somberg o/b/o Dylan S. Somberg
  pursuant to IDEA and under power of attorney,
  and Dylan Somberg individually

Case No.:

    Plaintiff

Hon.

**Utica Community Schools**,

    Defendant

_____/

**Richard J. Alef** (P43504)  )
Attorney for Plaintiff  )
410 W. University Dr. #C  )
Rochester, MI 48307  )
TEL:  248.609.0544  )
FAX:  248.609.0546  )
rallmcpa@yahoo.com  )
  )
RICHARD E. KROOPNICK  (P25381)  )
Attorney for Respondent  )
LUSK & ALBERTSON PLC  )
40950 Woodward Ave. Ste. 350  )
Bloomfield Hills, MI 48034  )
TEL:  248.988.5662  )
FAX:  248.258.2851  )
RKroopnick@luskalbertson.com  )

**COMPLAINT AND APPEAL**

_____/

**Complaint and Appeal Under the Individuals with Disabilities Education Act**

*THE IDEA AND THE PARTIES*

Page **1** of **18**

1. The Individuals With Disabilities Education Act (""IDEA"), 20 U.S.C. § 1400 et seq., requires individualized education programs (an "IEP") for children with disabilities. It also gives the parents of such children a right to an impartial due process hearing by the state's education agency, 20 U.S.C. § 1415(f), and a right to appeal to the district courts of the United States the findings and decision made as a result of such a hearings, § 1415(i)(2). In such an action in the U.S. District Court, an aggrieved party may also recover attorneys' fees incurred in connection with the due process hearing if it was a prevailing party.

2. Plaintiff Dylan S. Somberg ("Student") is a 19 year old student (D.O.B. 1/14/1994) who attends Eisenhower High School, and

   a. Who is eligible for special education program services through age 26 under the eligibility category of Autism Spectrum Disorder, and thus is required to have an IEP;

   b. Who notwithstanding IDEA, has executed a power of attorney allowing his mother, Jeannine L. Somberg, to represent him with respect to all education matters;

   c. Whose mother has been his advocate since his entry into the public school system. In this regard Congress has repeatedly emphasized throughout IDEA the importance and indeed the necessity of parental participation 20 USC §§ 1400(c), 1401, 1412(7), 1415 et. seq. but particularly 1415(b)(1), and 1415(b)(2);

   d. Whose Parent is entitled to prosecute IDEA claims on her own behalf, and on behalf of her son 20 USCA Sec 1415(i)(2)(A).

3. Utica Community Schools ("UCS") is a municipal corporation located in Macomb County, Michigan and as a recipient of federal funding, is responsible for providing and administering a Free and Appropriate Education ("FAPE") suited to the particular needs of Dylan S. Somberg, a student with disabilities.

## STATEMENT OF THE CASE

4. On September 5, 2012, Jeannine L. Somberg filed on behalf of her son, Dylan S. Somberg an administrative complaint certified as number 12-59, Docket No. 12-001510-ED requesting compensatory education and such other relief for violations of a FAPE (hereinafter referred to as a "FAPE complaint")..

5. On October 1, 2012, an amendment to the FAPE complaint was filed that expanded on the FAPE violations and included a more definite statement demanded by UCS.

6. The amended complaint initiated an administrative hearing, known as a due process hearing, and in material part was based on violations of a FAPE for:
    a. Pre-determining the Student's IEP:
        i. By attempting to force the Student to attend a class known as community based inclusion ("CBI"), and by also failing to acknowledge that Student was to have access to at least a 50% general education curriculum [hereinafter referred to as the "50/50" and "no CBI" issue].
        ii. By failing to recognize that these pre-determinations were in direct contravention of the express language of the Student's IEP.
    b. Failure to develop an appropriate transition plan as required;
    c. Failure to provide for assistive technology evaluation  ("AT") as is required by the IEP; and
    d. Failure to provide adequate measureable goals within the IEP as is required under IDEA.

7. When the Student refused the pre-determined CBI, UCS without notice to the Parent or Student as is required under IDEA, removed necessary support as was required in the IEP, and secluded the Student first in a clinic, then in an empty

class room for approximately 20 school days.

8.  While secluded in the classroom, the Student had no certified teacher.

9.  UCS' seclusion and treatment of the Student caused the Student anxiety leading to an autistic meltdown on October 2, 2012.

10. UCS (one day after the amended complaint was filed) seized on the meltdown as an opportunity to suspend the Student indefinitely with recommendations for expulsion.

11. UCS' suspension of the Student required a Manifestation Determination Review ("MDR").

12. On October 9, 2012, the MDR was brought to the attention of the administrative law judge ("ALJ").

13. Even though the parties and facts were identical, the ALJ indicated that a separate but expedited administrative hearing would need to be filed due to strict time-lines for suspension hearings.

14. On October 11, 2012, the MDR hearing took place and a clear division arose between the Parent and UCS as to whether the conduct was a manifestation of the Student's disability.

15. UCS ruled that since the MDR document was their document, that they alone would make the decision, contrary to IDEA.

16. On October 11, 2012, UCS ruled the Student's conduct was not a manifestation of his disability.

17. On October 12, 2012, UCS issued a recommendation for the Student's expulsion **[EXHIBIT – A]**.

18. On October 18, 2012, the Parent filed a second due process hearing on the MDR issue pursuant to the ALJ's order.

19. Thus there were two administrative hearings (an "MDR complaint" certified as administrative case number SEH #12-70, and this "FAPE complaint" certified as administrative case number SEH #12-59).

20. The MDR complaint requested a reversal of the MDR decision made by UCS that the student's conduct was not a manifestation of his disability, and that a Behavioral Intervention Plan ("BIP") be properly completed and implemented within a certain time frame.

21. On November 20, 2012, the ALJ issued a fifteen page *DECISION AND ORDER* relating to the MDR Complaint.

22. That Order and the MDR Complaint are relevant to this case because they are a part of this case, and the DECISION AND ORDER entered on November 20, 2012 was admitted into evidence in this case, and labeled as Exhibit P-14 in the administrative hearing case.

23. This administrative ORDER ruled in favor of the Parent by a preponderance of the evidence, and ordered among other things:

    a. The "Petitioner's complaint is granted" and further ordered that a new BIP is to be implemented within a certain time frame;

    b. The ALJ, in reversing the determination of UCS found inappropriate

intervention by UCS and that hostility between the parties tainted the atmosphere of that MDR.

24. Plaintiff has thus prevailed with legal and factual arguments in that MDR Complaint, and duly filed an action in this Court for attorney fees, certified as Case No.: 2:13-cv-10330-RHC-MJH.  This case is pending.

25. Throughout the process of both the MDR Complaint and the FAPE Complaint, several motions were brought by UCS in an attempt to prejudice the Plaintiff by removing his counsel, and two motions were brought by the Plaintiff in an attempt to bring UCS to honor IDEA's "stay put" provision.

26. IDEA requires that when there is a Due Process Hearing the Student' is to "stay put" in his current IEP.

27.  UCS was not honoring the current IEP, and was instead secluding the Student because he refused CBI in reliance on his IEP.

28. These motions are relevant to the issue of reasonable attorney fees prayed for in this complaint;

29. These motions are further relevant in that they were designed to harass, retaliate, cause unnecessary delay, and to needlessly increase the cost of litigation.

30. These motions are relevant because they support compelling reasons as to why Plaintiff is substantially justified in rejecting a settlement offer later made by UCS.

31. The motions include:

a. A motion by UCS to dismiss the FAPE Complaint, arguing the Plaintiffs' counsel could not sign and file the complaint on behalf of the Plaintiff. This argument was immediately struck down by the ALJ **[EXHIBIT – B].**

b. A motion by the Plaintiff to compel Parental involvement.   IDEA requires Parental involvement, but UCS would not respond to the Parent's emails and telephone calls. UCS also refused to give weight to the Student's educational power of attorney **[EXHIBIT - C].**   The Order for Parental involvement is in **EXHIBIT – D.**

c. Two motions by UCS to work substantial hardship on the Parent and Student by attempting to remove Student's counsel.   First under the attorney-witness rule, and then again by way of motion averring improper communication with UCS.   UCS lost both of these motions **[EXHIBIT – E at page 2];**

d. A motion by the Plaintiff for a "stay-put" during the pendency of the case, to remove the Student from seclusion and to compel UCS to honor the IEP provisions of no CBI, and allow a 50% general education curriculum.. This motion was granted.  **[EXHIBIT – F].**

e. A motion by Plaintiff seeking partial summary disposition on the issue that the IEP was predetermined because UCS refused to honor a 50% general education ("50/50") placement, and also because UCS was requiring the Student attend a community based inclusion ("CBI").

   i. The ALJ denied this motion.  **[EXHIBIT - G].**

   ii. However, on December 3, 2012, <u>just one day before the hearing</u> UCS admitted that the class schedule was not consistent with what the IEP required. **[EXHIBIT - H].**

32. During the pendency of these hearings, UCS issued an Offer of Settlement **[EXHIBIT – I]**.

33. This settlement offer satisfied some of the issues raised under the complaint with exceptions.

34. Plaintiff avers as prevailing party on two FAPE violations that they are entitled to reasonable attorney fees.

35. Plaintiff avers that the relief obtained from the ALJ exceeds the offer of settlement.

36. Plaintiff avers that notwithstanding the relief obtain exceeds the offer of settlement, that there is substantial justification for rejecting the settlement offer.

37. In addition, Plaintiff appeals two (2) of the findings of the Hearing Officer and request this Court review the record below to determine whether the Hearing Officer's determinations against Student amount to reversible error based on the IDEA, 20 U.S.C. Sec. 1401, et seq.

38. Moreover, Plaintiff requests this Court compel UCS to honor the DECISION AND ORDER dated January 29, 2013, at page 18, paragraph 2, to require UCS to act in good faith with regard to the reconvening of the IEP.

39. This claim for attorney fees and appeal is proper and timely:

   a. The Hearing Officer issued her decision on January 29. 2013;
   b. The Hearing Officer delivered the decision to the parties via US mail on January 29, 2013;
   c. The Michigan Education Administrative Code allows parties to appeal the Hearing Officer's decision to a court of competent jurisdiction within ninety (90) days of receipt of the decision;
   d. Plaintiff has until April 29, 2013 to appeal the decision; and
   e. Plaintiff appeal is within that time.

## JURISDICTION AND VENUE

40. Jurisdiction of this court is asserted under Individuals With Disabilities Education Act, 20 U.S.C. Sec. 1415(i) and 28 U.S.C. Sec. 1331 (Federal Question Jurisdiction).   Plaintiff is an "aggrieved party" within the meaning of 20 U.S.C. § 1415(i).   *See also* 34 C.F.R. § 300.516 (2010).

41. Venue is proper in this District Court pursuant to <u>28 U.S.C. § 1391</u> as the events giving rise to this claim occurred in this district, and all parties are residents of Macomb County, Michigan.

## BAD FAITH

42. Bad faith of UCS is relevant in this case to the issue of: 1) Compensatory Education Damages, where it caused undue delay and prevention from the Student' right to FAPE; 2) Substantial justification in refusing the Offer of Settlement; 3) in the Calculation of reasonable attorney fees; and 4) showing the degree to which UCS violated IDEA.

   a. UCS engaged in a pervasive pattern of bad faith acts and practices with respect to adherence to the IEP. .

   b. UCS' Executive Director of Special Services, Supervisor of Special Services and District Designee chose to ignore express language in the IEP, and instead attempted to force the Student into a "cookie cutter" CBI class.

   c. UCS on the record untruthfully represented to the ALJ that CBI was proper within the IEP, requiring an unnecessary stay-put motion, brief, argument,

delay, and undue expense.

d.  .At the beginning of the school year UCS removed the Student's support without notice to the Parent contrary to the IEP.  The Parent is supposedly a member of the IEP team, and was not consulted.

e.  UCS also ignored the IEP by denying the Student access to a 50% general education curriculum as was required by its express terms.

f.  On September 4, 2012, the Student refused CBI in reliance upon his IEP, and UCS secluded him first in a clinic, and then in a classroom by himself with little or nothing to do for 20 school days without a certified teacher.

g.  The Parent requested a class schedule in an attempt to remove her son from seclusion, and find a placement solution, but UCS refused to give her a class schedule until this issue was brought to the attention of the ALJ.

h.  The ALJ ruled UCS' treatment of the Student contributed to the Student's anxiety leading to behavior issues.

i.  UCS seized on the Student's anxiety and resulting autistic meltdown as an opportunity to indefinitely suspend the Student with recommendation for expulsion.   The Student was suspended for 19 additional school days.

j.  One day prior to the administrative due process hearing UCS stipulated and agreed that CBI was in fact not contemplated in the IEP, and that the Student was not receiving 50/50, causing an enormous undue hardship on the Plaintiff for attorney fees in preparation for this issue.

k.  Bad faith is also apparent by UCS in its undue delay by re-convening the IEP in **EXHIBIT J**.  Email after email requesting an IEP was simply ignored, contrary to IDEA.

l.  UCS would also not honor the Student's educational power of attorney without motion.

m. The bad faith by UCS continues with respect to the ALJ Order and Opinion at page 18 in Exhibit L.  UCS was ordered within certain time frames to convene the IEP team. However UCS exercised bad faith by giving the Parent only about a 15 hour notice for one such material meeting, and refused to allow the Parent's attendance the next morning

when she manipulated her schedule in an attempt to attend **[EXHIBIT K at page 2]**.

n. Moreover, at page 18 of Exhibit L, an IEP has been ordered but not yet finished. UCS is refusing to give the Parent reasons why relevant data already in existence is being omitted in the reconvening of this IEP, and the Parent is a part of the IEP team, and it is mandated under IDEA that she be allowed to Participate **[EXHIBIT L].**

## FIRST CLAIM FOR RELIEF
### ATTORNEYS' FEES PER 20 U.S.C. § 1415(i)

43. IDEA's section 20 USC 1415(i)(3)(A) provides the District Court for the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.

44. 20 USC 1415(i)(3)(B)(i) provides that the court, in its discretion, may award reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability.

45. The ALJ ruled in the instant case that Plaintiff was denied a FAPE for two separate violations consistent with the IDEA on the issue of the Student's right to a Free and Appropriate Public Education [DECISION AND ORDER **EXHIBIT – M** at page 18]..

46. Because the Plaintiff was denied a FAPE on two issues the Plaintiff has prevailed within the meaning of the statute and is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(E).

47. IDEA's section 1415(i)(3)(D) provides that attorney fees may not be awarded for services performed:

a. subsequent to the time of a written offer of settlement to a parent if the offer is made more than 10 days before the hearing begins;

b. *if* it is determined by the court or the administrative hearing officer that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement [emphasis added].

48. UCS IN Exhibit I submitted an offer of settlement on October 15, 2012.

49. The Order of the ALJ is more favorable to the Parent than the offer of settlement::

a. UCS did not specify WHEN the IEP or Assistive Technology evaluation would be completed.  The time requirement or when things would occur was important because UCS in the past ignored the Parent's emails asking for an IEP in Exhibit J, causing inordinate delay.

b. The settlement offer did not address the issue of measurable goals, nor to provide them within a certain time frame.   The ALJ ruled UCS violated the Student a FAPE because "the September 7, 2012 IEP lacked measurable goals."   UCS was ordered to "reconvene the IEP team to develop measurable academic and functional goals for Student within 30 days of the date of this decision and order".

c. The settlement offer did not address the development of a transition plan within a certain time frame (only that "if appropriate be revised".) The settlement failed to address that there was no transition plan.   IDEA already requires a transition plan when the student turns 16, and this had never been done, therefore, the Districts language "if appropriate" had no meaning.]

d. The settlement offer did not include a representative from any community

agency that may provide or pay for transition services and   within 30 school days as was ordered.

e. On October 16, 2012, the Student's counsel submitted an email asking "when" the items in UCS's settlement offer would be completed, and that there was no transition plan, but this email was ignored **[EXHIBIT – N]**.

50. Because the ALJ, in addition to requiring an IEP and AT evaluation, had also mandated a 30 day time constraint on when the IEP must be completed, the Plaintiff student has prevailed, and is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(B).

51. Because the ALJ mandated the development of a transition plan within 30 days where none existed before, the Plaintiff has prevailed, and is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(B).

52. Because the ALJ mandated a representative from any community agency be included in developing the transition plan within 30 days. the Plaintiff has prevailed, and is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(B).

53. Because the ALJ mandated measurable academic and functional goals be developed within 30 days, the Plaintiff has prevailed, and is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(B).

54. Because UCS agreed to its wrongdoing only one day prior to the hearing as to the CBI and 50/50 issue, UCS did not comply with the settlement offer ten day rule, Plaintiff has prevailed and is entitled to an award of attorney fees and related costs under 20 USC1415(i)(3)(B).

55. 20 USC 1415(i)(3)(E) provides that notwithstanding this 1415(i)(3)(D)(i) [relating to offers of settlement], an award of attorney fees and related costs may still be made to a parent who is the prevailing party and who was <u>substantially justified in rejecting the settlement offer</u> [emphasis added].

56. In an IEP, time is of the essence under IDEA.  It is averred that UCS had already demonstrated apathy or lack of good faith towards this concept as indicated in Exhibit – K.   Thus even if this Court finds the student did not prevail in excess of the nebulous offer, Plaintiff is substantially justified in rejecting the offer and therefore is entitled to an award of attorney fees and related costs under 20 USC 1415(i)(3)(E).

57. In view that:
    a. The UCS was found to be in two violations of a FAPE;
    b. The relief requested in the aforementioned administrative proceeding was obtained;
    c. The relief obtained exceeded that which was in the offer;
    d. The most material issue of CBI – 50/50 was stipulated to only one day before the hearing (and therefore outside the ten-day rule); and
    e. Plaintiff was otherwise substantially justified in rejecting the offer;

    the Plaintiff has prevailed and is entitled to an award of attorney fees pursuant to 20 USC 1415(i).

58. Plaintiffs are entitled to recover the reasonable attorneys' fees of Richard J. Alef incurred in relation to the due process hearing, pre-hearing motions, and post hearing complaint and appeal. [**EXHIBIT – M** invoice through February 17, 2013 only].

*APPEAL*

*THE FOLLOWING TWO ISSUES ARE APPEALED TO THIS COURT PURSUANT TO*
*20 U.S.C. 1415(i)*

*SECOND CLAIM FOR RELIEF*

*Reverse finding of ALJ for Failure to Find a Substantive and*
*Procedural FAPE Violation*

59. Plaintiff incorporates by reference as if fully set forth the allegations in Paragraphs 1 through 58 above.

60. The Hearing Officer ruled improperly that Plaintiff was not a prevailing party as to the issue of a Pre-Determined IEP a procedural and substantive violation of FAPE.   Plaintiff hereby appeals that ruling:

    a. UCS was forcing a curriculum that was not 50/50, and also forcing a community based education class (CBI) against the express provisions of the IEP;

    b.   The District stipulated to its wrongdoing on this issue only one day before the hearing it cannot be disposed of or argued against in any offer of settlement (the Plaintiff nevertheless needed to prepare for this issue up until that time).

    c. Because UCS only one day before the hearing stipulated to its wrongful

treatment as to the 50/50 issue and no CBI issue, the ALJ restricted the scope of Plaintiff's question on direct as to the predetermination and relating bad faith arguments.

    d.  UCS one day before the hearing stipulated to its wrongful treatment regarding the 50/50 issue and no CBI issue, and the ALJ improperly omitted Petitioner's Exhibits 1, 18 and 20 from that administrative record.

61. This denial of 50/50 and the forcing of the CBI deprived Plaintiff of meaningful participation in the IEP process and prevented genuine individualization of the IEP as is required under IDEA.

62. Because of the admission by UCS one day before the hearing on the "50/50" no CBI" issue, a ruling should have been found in Plaintiff's favor as a prevailing party on this issue as well, and Plaintiff is entitled to an award of attorney fees, and related costs under 20 USC 1415(i)(3)(E)..

63. This Court must therefore reverse the decision of the ALJ and Order there was a serious procedural and substantive violation of FAPE finding Plaintiff as prevailing party, award Plaintiff reasonable attorney's fees, and award the Student compensatory education.

64. All the issues resolved in favor of Plaintiff in the settlement offer must be ascribed to Plaintiffs' status as prevailing party.

### THIRD CLAIM FOR RELIEF

*Reverse Fining of ALJ for a Failure to Award Compensatory Education*

65. Plaintiff incorporates by reference as if fully set forth the allegations in Paragraphs 1 through 64 above.

66. IDEA's 20 USC Sec. 1400, 1401(8), 1412(a)(1)(A).establishes basic entitlements for children with disabilities who are between the ages of three and twenty-one years old, which if violated may give rise to an award of compensatory education.

67. Because UCS has been adjudicated as having twice violated a FAPE, the Plaintiff should have been awarded compensatory education in order to place him in the same position he would have occupied but for the UCS violations of a FAPE.

68. Because UCS admitted to the CBI – 50/50 issue only one day prior to the hearing, and wrongfully first seclude the student and then suspend him, thereby denying the Student to a FAPE consistent with the requirements of IDEA, the Student should have been awarded compensatory education for 19 full schools days due to the wrongful suspension; and two hours a day for twenty days the Student was wrongfully secluded

69. Because UCS has failed under IDEA to conduct an assistive technology evaluation, the Student has not received the benefit of assistive technology for 17 months, and should have been awarded compensatory education to place him in the same position he would have occupied but for the this violation of IDEA

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following:

A.    That the Plaintiff be adjudicated as prevailing party for the two violations of a FAPE found by the ALJ;

B.    That the determination of the ALJ be reversed and judgment be entered in favor of the Student as a prevailing party for a serious substantive and procedural violation of FAPE due to the predetermination by UCS of the IEP from the CBI and 50/50 issue.

C.    That the Court award reasonable attorneys' fees and costs as it deems appropriate and commensurate with Exhibit M in addition to reasonable attorney fees and costs for continuance of these proceedings through present pursuant to IDEA;

D.    That the Court reverse the holdings of the ALJ and award compensatory education as it deems just and equitable.

E.    For such other relief as the Court deems proper.


Dated:   April 22, 2013

Richard J. Alef (P43504)
Attorney for Petitioner