UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNINE L. SOMBERG, et al.,

    Plaintiffs,

v.                                     Case No. 13-11810

UTICA COMMUNITY SCHOOLS,

    Defendant.
                                          /

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Pending before the court is Plaintiffs' Motion for Costs and Attorney's Fees. (Dkt. # 31.) Plaintiffs argue that they are entitled to an award of attorney's fees under 20 U.S.C. § 1415(i)(3)(B) because they are the "prevailing party" in this action. Defendant has responded, arguing that its timely offer of settlement in October of 2012 precludes such an award. For the following reasons, the court will grant the motion, but reserve for later the calculation of the award.

The court's March 30, 2016 Opinion and Order, (Dkt. # 30), lays out a more detailed history of this case; the facts relevant to the decision to grant attorney's fees are relatively simple. On September 5, 2012, Jeannine Somberg initiated this action by filing an administrative complaint, raising various concerns about her autistic son's education at Eisenhower High School. After some initial proceedings, on October 15, 2012, counsel for Defendant Utica Community Schools made a written offer of settlement. (Dkt. # 31-11.) That offer promised to review and revise, *if necessary*, various aspects of Plaintiffs' Individualized Education Plan. For example, the offer

stated that the School would "[d]etermine whether the student is entitled to compensatory education due to his assignment to Community Based Instruction (CBI) at the beginning of the 2012-2013 school year and, if so, provide the necessary compensatory education." (*Id.* at Pg. ID 2359.) The offer was rejected. (Dkt. # 31-12.) After the administrative proceedings, the ALJ determined various violations had occurred but also held that Plaintiffs were not entitled to compensatory education. (Dkt. # 22-34, Pg. ID 427.) This court reversed that determination, holding that some measure of compensatory education was required, but reserving for later a determination of quality and quantity of the award. (Dkt. # 30.)

The Individuals with Disabilities Education Act (IDEA) gives courts discretion to award attorney's fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). However, the statute also mandates that no such award may be made "for services performed subsequent to the time of a written offer of settlement to a parent if . . . the relief obtained by the parents is not more favorable to the parents than the offer of settlement." *Id.* at § 1415(i)(3)(D)(I).

Defendant appears to argue that because this court has made no final determination as to the type or amount of compensatory education to be awarded, deciding whether to shift fees, at this point, would be premature. Defendant is incorrect. Plaintiffs have already done better than the offer Defendants made in October of 2012. That offer, which requires a fair exercise of imagination to interpret as a "settlement," proposed only to "determine" if the Plaintiff student were entitled to compensatory education and "if so," then to provide it. (Dkt. # 31-11, Pg. ID 2359.) This court has already determined that Plaintiffs are entitled to some compensatory education, and,

2

whatever Plaintiffs get, it will be more than the *possibility* of compensation that Defendants offered.

Having concluded that Plaintiffs are entitled to fee shifting under IDEA, the court must then determine the amount of the attorney's fee award. Generally, "the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Additionally,

> [t]he district court should exclude from its initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.*

Defendant contends that Plaintiffs' request for $241,034.65 in attorney's fees is unreasonable, arguing that Plaintiffs have achieved a low degree of success and that the hourly rate of $250 is too high. While significant attorney fees may be warranted in these cases, the court is inclined to agree with Defendant's argument that $241,034.06 is too much. For example, Defendant's billing records that reflect a lower hourly billing rate of $200 to $220, and not the $250 Plaintiffs seek. Additionally, while the court has no present basis to doubt that Plaintiffs' counsel expended the hours reflected on the invoices submitted to the court, (Dkt. ## 31-7, 31-9), that does not mean that this litigation reasonably warranted the nearly one thousand hours of attorney work apparently spent on this case.

Given these concerns, the court will take the opportunity to hear presentations from the parties about the proper amount of attorney's fees. That presentation may properly be incorporated into the evidentiary hearing to be scheduled concerning the compensatory education award.

Defendant has requested limited discovery on the matter of attorney's fees. In the interest of preventing attorney's fees from continuing to balloon by generating fees on fees, the court will deny this request as sought but will allow interrogatories and/or requests to admit. Counsel may proceed with diligence and with very specific questions.

The parties may present evidence on the matter at the forthcoming hearing, and Defendant is encouraged to scrutinize the relatively extensive billing records that Plaintiffs' counsel has submitted. (*See* Dkt. # 31-9.) The court will consider striking certain billed line-items that Defendant demonstrates to be unnecessary or redundant, and will also consider fee awards in comparable cases when determining the final award to be made.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Attorney's Fees (Dkt. # 31) is GRANTED, with the amount of the award to be determined at a later date.

IT IS FURTHER ORDERED that the parties shall be prepared to present on this issue at the evidentiary hearing to be held on the matter of compensatory education. A separate scheduling order will follow concerning that hearing.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2016

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522