**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

JEANNINE L. SOMBERG, et al.,

    Plaintiffs,

v.                                                    Case No. 13-11810

UTICA COMMUNITY SCHOOLS,

    Defendant.
_____/

## ORDER APPOINTING SPECIAL MASTER

This matter was submitted to the undersigned upon the consent of the parties. The court has given the parties notice of the intended appointment of a master and an opportunity to be heard. All parties were invited to submit candidates for appointment but were unable to reach an agreement. The parties thus agreed to allow the court to select a special master.

Counsel appearances were: Richard J. Alef for Plaintiffs and Robert A. Lusk for Defendant.

Based upon the court's earlier opinion ordering Defendant to pay for 1,200 hours of compensatory education and one year of transition planning, (Dkt. #90), the fact that the court is comparably ill-suited to arrange and oversee the proper facilities to carry out this order particularly in light of complicating factor of the Plaintiff student's disability, the joint agreement of the parties as to this course of action as discussed at a status conferences attended by counsel on March 9, 2017, and August 28, 2017, Federal Rule of Civil Procedure 53(a)(1)(A) and 53(a)(1)(C):

IT IS HEREBY ORDERED:

1. Cynthia Raymo of 630 Oregon St., Marysville, MI 48040, is appointed Special Master for the purpose of identifying, on an ongoing basis, the available compensatory education and transitional services available to Dylan Somberg which will most effectively alleviate the educational shortfalls identified in this court's prior opinions, (Dkts. ##30, 90), arranging for, and if necessary expediting, Dylan's participation in those services; receiving feedback from the Parties as to the efficacy or efficiency of these services and make discretionary adjustments as necessary in light of the best interests of the student mindful that the compensatory education is limited, subject to adjustment if necessary, to approximately 1,200 hours and transition services to one year; authorize any assessments that the Special Master deems warranted; supervise the provision of the remedial educational services; negotiating and proposing for court approval the particular service provider(s) of the education; negotiate and propose for court approval the manner and rate of compensation for each service provider; preparing and supplying to the court and parties on the last day of every third month following the entry of this order a one-to-two-page report[1] on the plan for Dylan's continued education and his progress; directing payment of the costs of such services by Defendant Utica Community Schools; and maintaining records on those services/service providers which were seriously considered but not selected, along with their proposed costs.

---

[1]The court may entertain requests to expand the length of such reports as necessary.

The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order.

2. Cynthia Raymo shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform the assigned duties consistent with this order. The Special Master may file written recommendations that the court impose any sanction, including contempt. The court will then duly consider the recommendation after affording all parties an opportunity to be heard.

3. Because the proper administration and enforcement of the court's order regarding the amount and quality of compensatory education may require the parties to readily provide feedback to the Special Master about the status or efficacy of specific efforts to give effect to the court's order, the Special Master shall be allowed to engage in ex parte conversations with counsel for the parties upon written request with a copy sent to opposing counsel. Ex parte communications with the court may occur periodically to assist the court in management of the litigation or logistical matters upon the court's request or if the Special Master determines that any of the circumstances enumerated in paragraph seven (7) have obtained. Any ex parte conversation will be conducted on the record in order to permit appropriate review by the undersigned or the appellate courts.

4. The parties shall file with the Clerk all papers filed for consideration by the Master. The Special Master shall also file under seal with the Clerk all reports or other communications with the undersigned.

5. Any party seeking review of any decision of the Special Master shall comply with the procedures specified in Fed. R. Civ. P. 53(f) with the exception that the normal twenty-one day period for objections specified in Fed. R. Civ. P. 53(f)(2) is hereby shortened to fourteen days.

6. Every third month the Special Master shall prepare and file the report of activities accomplished (described in the above paragraph 1) as the required record.

7. The master shall promptly bring to the court's attention any recommendation requiring court approval; any action to which a party under the supervision of the Special Master objects; any instance in which the provision of the remedial educational services has become impracticable for any reason; any modification to the terms of the Special Master's appointment that may become necessary to serve the purposes of this order.

8. The court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expenses or delay. The Special Master shall be paid $75 per hour for work done pursuant to this order and shall be reimbursed for all reasonable expenses incurred, including travel. The Special Master shall maintain billing records in half-hour increments with a brief description of the task performed. Unless the court separately provides approval, the Special Master may not charge the parties for additional expenses such as lodging. The court orders the Clerk of the Court to establish a non-interest bearing escrow account for administration of the Special Master's fees and expenses. The court further orders Defendant, Utica Community Schools, to deposit $10,000 into this escrow account, out of which the Special Master's fees will be paid. A statement will be rendered monthly by

the Special Master to the court and the court will, by appropriate order, provide for the disbursement from said funds for such fees. The court may order the parties to make additional deposits should the above amount prove at any time to be insufficient. As to any particular portion of the proceedings necessitated by the conduct of one party or group of parties, the Special Master can assess the costs of that portion of the proceedings to the responsible party or parties.

9. Rule 53(b)(3) provides that the court may enter an order appointing a special master "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification). Attached to this order is the disclosure affidavit earlier submitted to the court by the special master.

10. No Party has objected to the appointment of the Special Master.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 1, 2017, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522