**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

JEANNINE L. SOMBERG et al.,

        Plaintiffs,

v.                                                                                                               Case No. 13-11810

UTICA COMMUNITY SCHOOLS,

        Defendant.

_____/

**ORDER ACCEPTING FIRST STATUS REPORT**

On December 27, 2017, the court issued an order implementing a compensatory education plan for Plaintiff Dylan Somberg. Pursuant to this and previous orders of the court, Special Master Cynthia Raymo was required to submit periodic status reports detailing Dylan's progress under the plan. The first plan has been submitted and circulated to the parties. The court will file the report separately under seal, to maintain the record while also protecting Dylan's sensitive health information and privacy concerns.

Having reviewed the status report, the court finds that the compensatory education plan is not, at this point, in need of any modification. The court bears in mind that an award of compensatory education is an equitable remedy granted by the court. *Bd. of Educ. of Fayette Cty., Ky. v. L.M.*, 478 F.3d 307, 316 (6th Cir. 2007). The goal is not perfection, as perfection in this context is illusory, but rather the goal is to obtain "relief designed to ensure that the student is appropriately educated within the meaning

1

of the IDEA." *Id.* (quoting *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1497 (9th Cir. 1994)). The Special Master has identified some logistical "kinks" in the current plan, but the court is satisfied that the plan is working reasonably well and is "based on the child's needs, taking into account the child's strengths, preferences, and interests." 34 C.F.R. § 300.43(a)(2). The court will not revisit the plan every time a minor issue arises. While the Special Master notes areas for improvement, the only specific request from her relates to amending the plan to allow for reimbursement of transportation costs for tutoring on weekends, as opposed to tutoring on weekdays. The court is not persuaded, at this point, that weekend tutoring, at the substantially increased transportation costs, was necessary. In the absence of compelling reasons to the contrary, Plaintiff should be able to arrange for tutoring during normal business hours. Accordingly,

IT IS ORDERED that the first status report is ACCEPTED. The next status report shall be submitted to the court by **July 31, 2018**.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 3, 2018, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6525